UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06   . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Roosevelt County Electr. Cooperative Inc v. Jerry Don Morgan, et al. |
| **Case Number:** | 04-01133 |

## Document Information

| | |
|---|---|
| **Description:** | Order Granting [11-1] Motion For Summary Judgment by Roosevelt County Electr. Cooperative Inc. |
| **Received on:** | 2005-02-09 13:52:56.000 |
| **Date Filed:** | 2005-02-09 00:00:00.000 |
| **Date Entered On Docket:** | 2005-02-10 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | James Burke |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JERRY DON MORGAN and
DONNA LYNN MORGAN,
    Debtors.                                        No. 7-04-13131 SR

ROOSEVELT COUNTY ELECTRIC COOPERATIVE, INC.,
    Plaintiff,
v.                                                      Adv. No. 04-1133 S

JERRY DON MORGAN, et al.,
    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AS TO JERRY DON MORGAN
AND ORDER DISMISSING DONNA LYNN MORGAN**

This matter is before the Court on Plaintiff's Motion for Summary Judgment filed December 3, 2004 (doc. 11)("Motion."). Plaintiff was represented by its attorney Eric Dixon. Defendant was represented by Randall M. Harris. This is a core proceeding to determine the dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I). The Court had previously scheduled a final pretrial conference for February 1, 2005. In preparation for the pretrial conference, the Court reviewed the file and determined that no response had been filed to the Motion, and that it was therefore ripe for review. At the pretrial conference, the Court ruled that it would grant the

Motion for summary judgment[1]. This memorandum is entered in support of that ruling. Plaintiff announced at the pretrial conference that it would pursue only Mr. Morgan on this debt. The Court will therefore dismiss Donna Lynn Morgan from the case.

Federal Rule of Civil Procedure 56(c) provides, in part, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

NM LBR 7056-1 states, in part:

> A party opposing the motion shall, within 20 days after service of the motion, file a written memorandum containing a short, concise statement in opposition to the motion with authorities. If no such responsive pleading is filed, the court may grant the motion for summary judgment.
> ...
> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does

---

[1] At the pretrial conference, the Court was informed that Defendant had recently filed a response to the motion. The docket shows that the response was filed on January 31, 2005 and docketed on February 1, 2005 (after the hearing.) As discussed below, our local rules require a response to a motion for summary judgment within 20 days of service. Defendant did not meet this deadline, and the Court did not consider the response when deciding the motion.

> exist. Each fact in dispute shall be numbered,
> shall refer with particularity to those portions of
> the record upon which the opposing party relies,
> and shall state the number of the movant's fact that
> is disputed. All material facts set forth in the
> statement of the movant shall be deemed admitted
> unless specifically controverted.

Because Defendant did not file a timely response to the Motion the Court "may" grant the Motion. Furthermore, because no material fact set forth in movant's statement was specifically controverted, all of those facts are deemed admitted. Therefore, there are no genuine issues as to any material fact[2], and the Court's only duty is to determine whether the movant is entitled to judgment as a matter of law. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996):

> The fact that there has been no response to a summary
> judgment motion does not, of course, mean that the
> motion is to be granted automatically. Such a motion
> may properly be granted only if the facts as to which
> there is no genuine dispute "show that the moving
> party is entitled to a judgment as a matter of law."
> Fed.R.Civ.P. 56(c).

See also Maldonado v. Ramirez, 757 F.2d 48, 50 (3rd Cir. 1985)(A response is not essential to defeat a motion that does not satisfy movant's initial burden. (Citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 160-61 (1970).); Griffith v. Realty

---

[2] There is a fact dispute about the actual amount due Plaintiff. See Exhibit 2 to Motion for Summary Judgment, Interrogatory No. 12 and the answer thereto. Therefore, the Court will conduct a trial on this one fact issue.

Executives, Inc. (In re Griffith), 6 B.R. 750, 751 (Bankr. D. N.M. 1980)("In addition, the moving party has the burden of showing that it is entitled to judgment as a matter of law.")

Plaintiff's Motion is in proper form and follows NM LBR 7056-1.  It contains a statement of undisputed material facts, with references to the record.  In the record are: 1) Plaintiff's answers to Defendant's First Set of Interrogatories[3]; 2) Defendant's Answers to Plaintiff's First Set of Interrogatories[4]; 3) Affidavit of Jerry Partin[5], and 4) Affidavit of Debbie Bryant[6].  The Motion seeks summary judgment

---

[3] These answers were sworn to by Jerry Partin, general manager of Plaintiff, state that he is authorized to make the verifications on the behalf of Plaintiff, state that he has read and understand the answers and that the answers are true and correct based on his own personal knowledge or belief.

[4] These answers were sworn to by Jerry Don Morgan and Donna Lynn Morgan, and state that they have read and understand the answers and the facts and statements are true and correct to the best of their knowledge, information and belief.

[5] This sworn statement of the general manager authenticates the exhibits attached to the complaint and states that they were filed with the Secretary of State on a certain date, see Complaint ¶ 4, and Answer ¶ 2 (admitting signing documents, but denying all other allegations in the paragraph.), states an admission by Mr. Morgan (see Fed.R.Evid. 801(d)(2)), and states that Mr. Morgan did not have permission to use the secured funds.

[6] Ms. Bryant is the office manager for Plaintiff.  In her sworn statement, she details specific conversations she had with defendant Jerry Morgan.

both as to Sections 523(a)(2) and 523(a)(6). Because the Court finds that Plaintiff should be awarded judgment under 523(a)(6), it will not address the Motion with respect to 523(a)(2).

Section 523 provides in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
...
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

"Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." Nosker v. Trinity Land Co., 107 N.M. 333, 337-38, 757 P.2d 803, 807-08 (Ct. App.), cert. denied, 107 N.M. 267, 757 P.2d 605 (1988). "Conversion can, under certain circumstances, give rise to a nondischargeable debt pursuant to § 523(a)(6)." Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley), 235 B.R. 651, 657 (10th Cir. BAP 1999).

> In light of [Kawaauhau v. Geiger, 523 U.S. 57 (1998)] the standard for willful under § 523(a)(6) appears to be the same for conversion as for any other injury; to be willful, the debtor must intend that conversion of the collateral injure the creditor or the creditor's lien interest. However, Geiger does not address the evidence by which intent to injure can be

Case 04-01133-s    Doc 19    Filed 02/09/05    Entered 02/10/05 11:06:00 Page 6 of 11

established. We believe that as to proof of intent to injure in the context of conversion of secured property, Posta[7] and Pasek[8] remain instructive. Intent may be established by either direct or indirect evidence. Posta, 866 F.2d at 367. Willful injury may be established by direct evidence of specific intent to harm a creditor or the creditor's property. Id. Willful injury may also be

---

[7] CIT Financial Services, Inc. v. Posta (In re Posta), 866 F.2d 364, 367 (10th Cir. 1989):
> Under § 523(a)(6), the debtor's malicious intent can be shown in two ways. In the rare instances in which there is direct evidence that the debtor's conduct was taken with the specific intent to harm the creditor, the malice requirement is easily established. More commonly, however, malicious intent must be demonstrated by evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights. Such knowledge can be inferred from the debtor's experience in the business, his concealment of the sale, or by his admission that he has read and understood the security agreement.

(Citations omitted.)

[8] Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek), 983 F.2d 1524, 1527 (10th Cir. 1993):
> [W]e believe the rule fully supported by our cases is that willful and malicious injury occurs when the debtor, without justification or excuse, and with full knowledge of the specific consequences of his conduct, acts notwithstanding, knowing full well that his conduct will cause particularized injury.
> ...
> [W]e also have recognized that secured creditors are not restricted to direct evidence of specific intent to injure in satisfying the requirements of § 523(a)(6); rather, the requisite malicious intent may be demonstrated by evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights.

(Citations and internal punctuation omitted.)

Page -6-

>   established indirectly by evidence of both the
>   debtor's knowledge of the creditor's lien rights and
>   the debtor's knowledge that the conduct will cause
>   particularized injury. Pasek, 983 F.2d at 1527. See
>   also RESTATEMENT (SECOND) OF TORTS § 8A (1965) ("The
>   word 'intent' is used throughout the Restatement of
>   this Subject to denote that the actor desires to
>   cause consequences of his act, or that he believes
>   that the consequences are substantially certain to
>   result from it.").

Id.

**FACTS**

1. Defendants signed a Promissory Note in the amount of $65,000 to Plaintiff.

2. Defendants pledged their peanut crop to Plaintiff, as is indicated on the UCC Financing Statement attached to the complaint.[9]

3. Defendants had previously pledged peanut crops to other creditors, and knew that checks for proceeds were to be paid to those creditors.

4. Defendants received proceeds from the Farm Services Agency attributable to the pledged peanut crop on or about January 13, 2004.

---

[9] Defendants' Third Affirmative Defense raises an issue that Mr. Morgan's full legal name is not on the UCC Financing Statement. This may have been relevant if the secured asset still existed at the time of the bankruptcy and the Chapter 7 trustee sought to avoid the lien as unperfected under section 544. However, the asset was converted prepetition in violation of the contract between Plaintiff and Defendants. Defendants do not deny signing the documents.

5.  Defendants did not turn over the proceeds to Plaintiff; rather they spent the funds knowing that Plaintiff had a lien on and claim to the proceeds.
6.  At the time Debtors spent the money they were insolvent and had substantial indebtedness.
7.  When asked why Defendants did not turn the money over to Plaintiff, they answered "We could have given a portion of the money to the Coop, but others would have done without and the family would have suffered even more than it did."
8.  On February 9, 2004, Mr. Morgan told Plaintiff that he had received the checks. Debtors did not inform Plaintiff in a prompt or timely manner that they received the checks.
9.  Mr. Morgan did not have Plaintiff's permission to use the money.
10. Mr. Morgan used the proceeds from the peanut sale for his own use and to the detriment of Plaintiff.

**CONCLUSIONS OF LAW**

1.  Plaintiff had a lien on the peanut crop.
2.  Mr. Morgan committed conversion by his unlawful exercise of control over Plaintiff's personal property (the peanut crop proceeds) in exclusion of Plaintiff's right to possession.

3.  Mr. Morgan's conversion was malicious, as evidenced by the fact that he was aware of Plaintiff's lien rights, and with that knowledge, he took action in violation of those rights. The malicious intent is further evidenced by 1) his prior dealings in the business and knowledge that proceeds were to be paid to the lien creditor; 2) his concealment of the transactions; and 3) with his insolvency and level of indebtedness, Mr. Morgan was aware that his conduct would certainly lead to injury of Plaintiff.
4.  Mr. Morgan's debt to Plaintiff, in an amount to be determined at trial, is nondischargeable under 11 U.S.C. § 523(a)(6).

**ORDER**

IT IS ORDERED that this adversary proceeding against Donna Lynn Morgan is dismissed with prejudice.

IT IS ORDERED that partial judgment as to liability is granted for Plaintiff and against Jerry Don Morgan.

IT IS ORDERED that the Court will try the remaining damages issue on February 23, 2005 at 1:30 p.m. in the Federal Courthouse in Roswell, New Mexico, as per a Scheduling Order being prepared by Plaintiff's attorney.

_(signature)_
Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on February 9, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Eric D Dixon
309 S Ave A
Portales, NM 88130-6284

Randall M Harris
1112 Pile St
Clovis, NM 88101-5943

F Shaun Burns
PO Box 488
Clovis, NM 88102-0488

_James E. Burke_